980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
STARLIGHT BOOTHS AND CABINETS, INC., and Star Cabinet and
Booth Manufacturing Corp., Alter Egos, Respondent.
 No. 92-6281.
 United States Court of Appeals, Sixth Circuit.
 Nov. 17, 1992.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 CONSENT JUDGMENT
 
 1
 The National Labor Relations Board issued an Order on September 19, 1991, against Respondent, Starlight Booths and Cabinets, Inc., and Star Cabinet and Booth Manufacturing Corp., alter egos, its officers, agents, successors, and assigns, and the parties having consented to the entry of a consent judgment by stipulation dated June 1, 1992, and the Board having applied to this Court for the entry of a consent judgment, upon consideration of said application and stipulation:
 
 
 2
 IT IS HEREBY ORDERED AND ADJUDGED by the Court that the Respondent, Starlight Booths and Cabinets, Inc., and Star Cabinet and Booth Manufacturing Corp., alter egos, its officers, agents, successors, and assigns, shall take the following affirmative action which the Board has found will effectuate the policies of the National Labor Relations Act, as amended:
 
 
 3
 (a) Make whole the Detroit Millmen's Local 1452, Carpenters District Council of Detroit, Wayne, and Oakland Counties and Vicinity, United Brotherhood of Carpenters and Joiners of America, AFL-CIO's Pension Benefit Fund for Contributions not made, by payment to it of $21,910.29. Of this amount, $20,272.83 shall represent the pension contribution, and $1,637.46 shall be considered as interest.
 
 
 4
 (b) Respondent agrees to pay all current pension contributions to the Charging Party's Pension Benefit Fund.
 
 
 5
 (c) Respondent will make payment described above in 36 equal monthly installments. The first payment totaling $608.62 (Six Hundred and eight dollars and sixty-two cents) shall be due in the Regional Office of the Seventh Region of the National Labor Relations Board on or before April 30, 1992. This check, and any additional payments will be held by the Regional Director of the Seventh Region until the Board issues a Supplemental Order approving the Stipulation, at which time those checks, and the remaining checks, will be distributed to the Charging Party's Pension Benefit Fund. The remaining payments shall be due in the Regional Office of the Seventh Region of the Board on or before the last day of each consecutive month until the full amount is paid. Respondent shall issue checks made payable to the Charging Party's Pension Fund for the amount due.
 
 
 6
 (d) If any installment other than the final installment is not paid on or before its due date, the full unpaid balance shall become immediately due and payable and the Board may, without further notice, institute proceedings against Respondent for the collection of the full indebtedness remaining due, with additional interest due on the entire unpaid balance from the date of default until full payment is received, computed in accordance with the formula set forth in New Horizons for the Retarded, 283 NLRB 1173 (1987).
 
 
 7
 (e) Respondent agrees to pay all current contributions to the Detroit Millmen's Health and Welfare Fund. Respondent also agrees to maintain its current medical and dental insurance plan for its employees until those employees become eligible for the benefits under the Detroit Millmen's Health and Welfare Fund.